IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VICTOR MARK SIMMONS,

           **Plaintiff,**

  v.                                     CASE NO. 19-3193-SAC

CRAWFORD COUNTY JAIL, et al.,

           **Defendants.**

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff is in custody at the Crawford County Jail. He proceeds pro se, and his fee status is pending.

### Nature of the Complaint

Plaintiff commenced this action on September 30, 2019. He sues the Crawford County Jail, Deputy Sheriff Valerio Bevilacqua, Sheriff Danny Smith, and former sheriff Dan Peak.

Plaintiff claims that in mid-October 2015, defendant Bevilacqua approached him as he was sending a message on a kiosk in the Crawford County Jail. Plaintiff states that the was "sort of dancing to [him]self" and that the defendant "tapped [him] on [his] 'butt'". (Doc. 1, p. 2.)

He seeks unspecified damages for pain and suffering.

### Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon

which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## Discussion

The statute of limitation for claims brought under 42 U.S.C. §1983 is governed by the personal injury statute of the state in the which federal district court is located. *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008)(citing *Wilson v. Garcia*, 471 U.S. 251 (1985)). A claim brought under § 1983 is viewed as a tort action for personal injury. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Kansas, the governing limitation period is two years. *See* K.S.A. 60-513(a)(4)("An injury for action to the rights of another … shall be brought within two years.").

Federal law determines the date on which a claim accrues and the limitation period begins to run. *Mondragon*, 519 F.3d at 1078. The limitation period for a claim of assault and battery begins to run at the time of the conduct. *Birch v. Atchinson Police Department*, 2019 WL 2005772, *3 (D. Kan. May 7, 2019)(citing *Kelly v. VinZant*, 197 P.3d 803, 815 (Kan. 2008)).

Because the conduct occurred in October 2015 and the action accrued at that time, the Court finds the present action, filed almost four years later, was not brought within the controlling limitation period and is subject to dismissal.

## Order to Show Cause

For the reasons set forth, the Court directs plaintiff to show

cause why this matter should not be dismissed due to his failure to commence this matter within the two-year limitation period. The failure to file a timely response will result in the dismissal of this matter on that ground.

IT IS, THEREFORE, BY THE COURT ORDERED that on or before **November 18, 2019,** plaintiff shall show cause why this matter should not be dismissed for the reasons discussed herein.

**IT IS SO ORDERED.**

DATED:  This 18th day of October, 2019, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge